# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MONIQUE NAVES, individually and on behalf of all others similarly situated** ) ) ) | |
| **Plaintiff** ) | **CIVIL ACTION NO.:** |
| ) | |
| **v.** ) | |
| ) | |
| **HARRIS VENTURES, INC.,** ) **d/b/a/ STAFF ZONE** ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## CLASS ACTION COMPLAINT

NOW COMES PLAINTIFF, MONIQUE NAVES (hereinafter "Plaintiff" and/or "Naves"), individually, and on behalf of a class of similarly situated people, by and through her undersigned Counsel of Record, and for her Class Action Complaint against Defendant Harris Ventures, Inc. d/b/a Staff Zone (hereinafter "Defendant" and/or "Staff Zone"), states as follows:

## NATURE OF ACTION

1. Plaintiff, Monique Naves, brings this Class Action Complaint against Staff Zone, seeking damages for its egregious sex discrimination and related illegal conduct constituting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and 42 U.S.C. §1981a. Staff Zone provides temporary workers for commercial construction, industrial, and special events companies. It has branches

in several states (AL, CO, FL, GA, SC, NC, TN, TX and VA), and operates in many more states.  The Plaintiff and other similarly situated persons applied for positions with Staff Zone.  Instead of hiring Plaintiff and others similarly situated, Staff Zone hired less qualified and/or equally qualified male applicants.

2. Plaintiff, seeks a declaratory judgment that Staff Zones has engaged in intentional, willful, company-wide systemic sex discrimination, including, but not limited to, a pattern and practice of intentional discrimination which is unlawful under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. The Plaintiff, in her representative capacity, further seeks a permanent injunction and other equitable relief necessary to eliminate the effects of Staff Zone's past and present gender discrimination and to prevent such discrimination from continuing to effect their lives and employment opportunities in the future, including, but not limited to, affirmative restructuring of Staff Zone's selection procedures, implementation of equitable relief to include declaratory relief and injunctive relief, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. The Plaintiff also seeks back pay, front pay, compensatory damages and other equitable remedies and damages necessary to make her and members of the class whole.

## **JURISDICTION AND VENUE**

3. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4). This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 et seq., as amended by the "Civil Rights Act of 1991".

4. Upon information and belief, the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Upon information and belief, at least one member of the Rule 23 Class is a citizen of a different state than that of Defendant.

6. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. §1391(b) and (c). Defendant does business in the Northern District of Alabama and the Plaintiff is a resident of the Northern District of Alabama.

7. Staff Zone is subject to personal jurisdiction in the State of Alabama for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

8. Plaintiff, in her class-wide claims, requests injunctive and declaratory relief and compensation for back pay, lost wages, front pay, lost benefits, emotional distress and punitive damages and/or any and all other damages permitted by applicable law, and attorneys' fees and costs.

## THE PARTIES

9. The representative Plaintiff, Monique Naves, is a resident of the city of Birmingham, Alabama and the county of Jefferson.

10. Upon information and belief, Defendant Harris Ventures, Inc. d/b/a/ Staff Zone is a Georgia corporation whose principal office is located at 2650 Holcomb Bridge Road, Suite 630, Alpharetta, GA 30022. Staff Zone maintains operations in the State of Alabama.

## CLASS DEFINITION

11. Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964 individually, and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The Rule 23 Class is defined as:

> "All current or former female applicants of the Defendant who were denied employment by Defendant because of their gender, female."

**Numerosity**

12. The persons in the Rule 23 Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the calculation of that number is presently within the sole control of Defendant.

**Commonality**

13. There are numerous questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Rule 23 Class that predominate over any question solely affecting individual members of the Rule 23 Class include, but are not limited to, the following:

   (a) Whether Defendant discriminated against female applicants in the hiring and selection process, as compared to male applicants;

   (b) Whether Defendant devised, implemented and enforced selection criteria which was either gender biased or applied in a sexually discriminatory manner and which had an adverse and/or disparate impact on the selection of female applicants;

   (c) Whether the Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964;

   (d) Whether Defendant's actions as alleged herein violate Title VII of the Civil Rights Act of 1964;

   (e) Whether Defendant's actions as alleged herein violate the Civil Rights Act of 1964;

   (f) Whether Defendant's actions were willful, knowing, and with disregard for the Plaintiff, the Class and federal law;

   (g) Whether Defendant treats female applicants differently in terms of employment opportunities and selection as opposed to male applicants; and

   (h) Whether Defendant fails to hire female applicants because of their sex.

**Typicality**

14. The claims of the Representative Plaintiff are typical of the Rule 23 Class. Plaintiff is a member of the Class she seeks to represent, and has suffered harm and may continue to suffer harm due to the discriminatory conduct and practices of Defendant directed to Plaintiff and the Class as alleged herein.

**Adequacy**

15. Representative Plaintiff will fairly and adequately represent the interests of the Rule 23 Class.

**Superiority**

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage/back pay litigation, where individual class members lack the financial resources to vigorously prosecute separate lawsuits in Federal Court against large corporations like Defendant (the discriminatory behavior has adversely impacted the Rule 23 Classes ability to bring individual actions).

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual applicant can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate

Defendant.

18.   The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19.   The pursuit of separate actions by individual members of the Class would create a risk of:

A.   Inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Classes; or

B.   Adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## PROCEDURAL HISTORY

19.   Plaintiff Monique Naves filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on or about August 15, 2016, alleging violations of Title VII of the Civil Rights Act of 1964 on a class-wide basis. [Ex. A-EEOC Charge].

20. The commission issued a "Notice of Right to Sue" dated March 10, 2017   [Ex. B-Right to Sue].

21. Plaintiff is filing this lawsuit within ninety (90) days from the date of receipt of the Notice of Right to Sue.

## COMMON ALLEGATIONS

22. During all relevant times herein, Defendant was and is an employer as defined by Title VII.

23. During all relevant times herein, Representative Plaintiff and the Rule 23 Class are/were applicants of Defendant as defined by Title VII.

24. Plaintiff is a female.

25. Plaintiff was an applicant for employment of Defendant commencing her application process on or around August 4, 2016.

26. On or about August 4, 2016, the Plaintiff responded to an employment advertisement Defendant had placed on Craig's List for prospective employees.

27. Plaintiff was informed by the Defendant that jobs were available, but that the Defendant hired for construction sites and did not have jobs for women.

28. Plaintiff explained that she was willing to perform all of the duties and responsibilities outlined in the job description.  The Defendant still refused to consider Plaintiff for any positions it had available.

29. Plaintiff was a qualified, competent, and dedicated applicant that was discriminated against on the basis of her gender, female.

30. Upon information and belief, during this time period numerous males were hired instead of the Plaintiff.

31. Plaintiff and others similarly situated were not hired by Defendant.

32. Plaintiff and others similarly situated were as qualified or more qualified than the male applicants that were eventually hired by Defendant.

33. The failure to hire Plaintiff and other similarly situated applicants was based on the unlawful consideration of gender.

## COUNTS

## COUNT I

## (DISCRIMINATION IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, et seq. – DISPARATE TREATMENT)

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

35. All conditions precedent to the institution of Plaintiff's claims under Count I have been satisfied.

36. Plaintiff and the Rule 23 Class are/were applicants of the Defendant.

37. Plaintiff and the Rule 23 Class are female applicants.

38. Plaintiff and the Rule 23 Class have suffered adverse job actions, in that they have been denied employment opportunities and hire because of their gender [female].

39. Defendant treated similarly situated male employees more favorably than the Plaintiff and the Rule 23 Class were treated, as alleged herein. Defendant intended to, knowingly engaged in, condoned and/or ratified severe gender discrimination and failure to hire, as alleged herein.

40. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff and the Rule 23 Class because of their gender [female] in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

41. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff and the Rule 23 Class based on their gender [female].

42. Defendant intentionally subjected Plaintiff and the Rule 23 Class to unequal and discriminatory treatment by refusing to hire female applicants based on their gender.

43. The discriminatory actions by Defendant, through their management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to, the federal laws, state laws, and the rights and sensibilities of Plaintiff and the Rule 23 Class.

44. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

45. The actions of Defendant in intentionally engaging in and condoning gender discrimination against Plaintiff and the Rule 23 Class have caused Plaintiff and the Rule 23 Class consequential damage.

46. There is a causal connection between the Plaintiff's and the Rule 23 Class' gender, and the dissimilar treatment suffered by Plaintiffs at the hands of the Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Acceptance of jurisdiction of this cause;

2. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff and the Class;

3. A preliminary and permanent injunction against the Defendant and its

partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and gender discrimination as set forth herein;

4. An Order requiring the Defendant to initiate and implement programs that: (a) provide equal employment opportunities for female applicants; (b) remedy the effects of the Defendant's past and present unlawful employment practices; and (c) eliminate the continuing effects of the discriminatory practices described herein above;

5. Certification of this case as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure;

6. Designation of the Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

7. Damages sufficient to compensate Plaintiff and the Rule 23 Class for their injuries;

8. Back Pay, inclusive of lost wages and any benefits;

9. Pre-judgment and post-judgment interest;

10. Reasonable attorney's fees and costs of this action;

11. Punitive damages; and

12. Any and all other relief that this Honorable Court may deem just and

equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

        Respectfully submitted,

        s/Roderick T. Cooks
        Lee Winston
        Roderick T. Cooks
        Mintrel D. Martin
        Attorneys for the Plaintiff and the Putuative Class Members

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:   (205) 502-0970
Fax:  (205) 278-5876

The Martin Law Firm, LLC
505 20th Street North
Suite 625
Birmingham, AL 35203-5200
Phone: 205-801-6050
Fax: 205-801-6051

**PLAINTIFF'S ADDRESS:**
Monique Naves
c/o WINSTON COOKS, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:   (205) 502-0970
Fax:   (205) 278-5876

The Martin Law Firm, LLC
505 20th Street North
Suite 625
Birmingham, AL 35203-5200
Phone: 205-801-6050
Fax: 205-801-6051

**DEFENDANT'S ADDRESS:**
Harris Ventures, Inc. d/b/a Staff Zone
c/oElizabeth L. Henderson
5 Riverchase Ridge, Suite#100
Birmingham, AL 35244